# IN THE SUPREME COURT OF IOWA

No. 19–0678

Filed February 14, 2020

**33 CARPENTERS CONSTRUCTION, INC.,**

Appellant,

vs.

**IMT INSURANCE COMPANY,**

Appellee.

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Residential contractor lacking public adjuster license appeals summary judgment dismissing its breach of contract claim against homeowners' insurer. **AFFIRMED.**

Edward F. Noethe of McGinn, Springer & Noethe PLC, Council Bluffs, for appellant.

William H. Larson of Klass Law Firm, L.L.P., Sioux City, for appellee.

**PER CURIAM.**

On March 6, 2017, a windstorm and hailstorm hit Brandon Gordon's home in Davenport. Gordon had a homeowners' insurance policy with IMT Insurance Company (IMT). On March 20, Gordon reported to IMT that roof shingles suffered storm damage. After inspecting the roof, IMT responded a few weeks later with a repair estimate of $2362.67, and after subtracting Gordon's deductible, enclosed a check for $1362.67.

On May 1, Gordon and a representative from 33 Carpenters Construction, Inc. (33 Carpenters), Dustin Murphy, signed documents titled "Insurance Contingency,"[1] "Agreement," and "Assignment of Claim and Benefits." Under these documents, 33 Carpenters agreed to repair the storm damage in exchange for Gordon's insurance proceeds. The Insurance Contingency authorized 33 Carpenters to "meet with and discuss hail and wind damage" to Gordon's property with IMT and required Gordon to acknowledge that "33 Carpenters Construction will act as their General Contractor to obtain appropriate property damage adjustments." The Agreement stated Gordon retained 33 Carpenters to "settle [his] claim and complete the repairs." The "Assignment of Claim and Benefits" specified,

> FOR VALUE RECEIVED, the Assignor [Brandon Gordon] hereby sells and transfers to the Assignee [33 Carpenters] and its successors, assigns and personal representatives, any and all claims, payment drafts, demands, and cause or causes of action of any kind whatsoever which the Assignee [33 Carpenters] has or may have against <u>IMT</u> (insurance company), arising from the following claim [for storm (wind and hail) damage.]

This document further stated that "all future payments or settlements for the above referenced claim" should be made directly to 33 Carpenters.

---

[1]Only Gordon signed the Insurance Contingency document.

On February 28, 2018, IMT retained Cullen Claims to reevaluate the claim. Cullen Claims estimated $7475.24 as the replacement cost value for the dwelling and $4560.50 as the actual cash value. It determined the net claim was $6475.24 after the deductible, and the net claim for the separate garage was $1249.48. On April 9, Gordon signed another document authorizing 33 Carpenters to "speak with [his] mortgage company, release claim information, request inspections, and work directly with in connection with all aspects of processing of the claim, including disbursement of claim funds." The next day, 33 Carpenters issued a "roof production form" that listed the cost of repair as $13,016.72. IMT denied the claim.

On May 24, 33 Carpenters, claiming rights by Gordon's assignment, filed this civil action alleging IMT breached Gordon's insurance policy by "failing to pay '33 Carpenters' all benefits due and owing under the policy." On June 21, IMT filed an answer denying the allegations and raising affirmative defenses.

On February 12, 2019, IMT filed a motion for summary judgment. IMT asserted the assignment contract was void because 33 Carpenters violated Iowa Code sections 507A.3, 507A.5, and 522C.4 (2017) by acting as an unlicensed public adjuster. 33 Carpenters responded by asserting the Iowa Insurance Commissioner has the sole authority to enforce the provisions of Iowa Code chapter 522C such that IMT cannot offensively use the statute to invalidate the assignment. Alternatively, 33 Carpenters argued its conduct did not violate Iowa Code chapters 522C or 507A.

On April 4, the district court granted IMT's motion for summary judgment. The district court, quoting section 522C.2(7)(*a*), concluded that

> it is clear 33 Carpenters was acting as an unlicensed public
> adjuster by "acting for or aiding [Gordon] in negotiating for or

effecting the settlement [with IMT] of a first-party claim for loss or damage to real . . . property of [Gordon]."

The district court rejected 33 Carpenters' argument that the Iowa Insurance Commissioner is solely authorized to consider whether it was operating as an unlicensed public adjuster. The district court relied on the court of appeals decision in *33 Carpenters Construction, Inc. v. Cincinnati Insurance* in rejecting the same argument and holding an equivalent assignment to 33 Carpenters is unenforceable. No. 17–1979, 2019 WL 478254 (Iowa Ct. App. Feb. 6, 2019). 33 Carpenters appealed, and we retained the appeal.

We adjudicated the validity of such an assignment in a decision we also file today, *33 Carpenters Construction, Inc. v. State Farm Life & Casualty Co.*, ___ N.W.2d ___, ___ (Iowa 2020). There, we held that an assignment contract entered into by a residential contractor acting as an unlicensed public adjuster was void under Iowa Code section 103A.71(5). For the reasons set forth in that opinion, we hold that the assignment contract at issue here is void and unenforceable under section 103A.71(5), and we reject the argument that the Iowa Insurance Commissioner has sole authority to enforce the licensing requirements for public adjusters. Therefore, we affirm the district court's summary judgment.

**AFFIRMED.**

This opinion shall be published.